UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RUTH CASTRO,                               )
                                           )
                    Plaintiff,             )
                                           )
        v.                                 )        No. 4:24-cv-00156-SEB-KMB
                                           )
LANCASTER LOFT, et al.,                    )
                                           )
                    Defendants.            )

## ORDER

Now before the Court is *pro se* Plaintiff Ruth Castro's most recently filed amended

complaint [Dkt. 90] for screening under 28 U.S.C. § 1915.

## Screening the Complaint Under 28 U.S.C. § 1915

When a plaintiff is allowed to proceed *in forma pauperis*, as Ms. Castro has been

permitted to do, the Court has an obligation to ensure that her complaint is legally

sufficient.  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the complaint if it is

frivolous or malicious, fails to state a claim on which relief may be granted or seeks

monetary relief against a defendant who is immune from such relief.  *Id.*  Dismissal under

this statute involves an exercise of the Court's discretion.  *Denton v. Hernandez*, 504 U.S.

25, 34 (1992).  In determining whether the complaint states a claim, the Court applies the

same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To

survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Stated differently, it is not enough for Plaintiff to say that she has been illegally harmed. She must also state enough facts in her complaint for the Court to infer the possible ways in which the named Defendants could be held liable for the harm alleged. *Pro se* complaints such as that filed by Ms. Castro are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

Ms. Castro's latest complaint names as Defendants her landlord, Hamashbir LTD, as well as Moed Properties LLC, Lancaster Loft, Highgates Management, Kathy McIntyre, and Ally Ford, all of whom Ms. Castro alleges are acting as agents of her landlord. Ms. Castro, who is of Hispanic descent, alleges that, despite having knowledge that she required a smoke-free living environment because she suffers from "serious asthma" and is "extreme[ly] allergic" to smoke, Defendants deliberately placed renters around her who smoked cigarettes and marijuana. Ms. Castro claims that when she informed Defendants that the smoke was affecting her health and that she needed accommodations, Defendants refused to enforce the non-smoking provisions in the lease agreement that prohibited tenants from smoking inside the apartment complex and/or near the windows of the building and instead took various retaliatory actions against her, including overcharging her rent, providing false information regarding her credit,

interfering with her mail, denying her lease renewal, and ultimately evicting her, because she had "request[ed] [her] rights of accommodations and a free of smoke apartment as stated in the lease," (Dkt. 90 at 6), and sought assistance "through government agencies, water department, HUD and other agencies in New Albany[,] Indiana and Indiana State Wide," (*id.* at ), to address various issues in the apartment, including "bacteria accumulation in the water faucet," (*id.* at 17).[1] Ms. Castro further alleges that while other non-Hispanic renters also complained about the smoke, Defendants pursued eviction proceedings against only her. We understand Ms. Castro to allege that Defendants' actions violated her First and Fourteenth Amendment rights, her rights under the Fair Housing Act ("FHA"), and various state laws.

We turn first to address Ms. Castro's claims that Defendants discriminated and/or retaliated against her in violation of the FHA. Under the FHA, it is unlawful to engage in invidious discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, including by "refus[ing] to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling …." 42 U.S.C. § 3604(f)(3)(B). The Fair Housing Act also "makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of their fair housing rights." *Mehta v. Beaconridge Improvement Ass'n*, 432 Fed. App'x 614, 617 (7th Cir. 2011) (citing 42

---

[1] Ms. Castro's 64-page complaint includes many allegations against other individuals, including two attorneys, a state court judge, and various state court employees, whom she has not named as defendants. We address those allegations only to the extent relevant to the claims alleged against the individuals and entities who are named as defendants in this lawsuit.

U.S.C. § 3617; *Bloch v. Frischholz*, 587 F.3d 771, 782 (7th Cir. 2009)).  Thus, if a landlord retaliates against a tenant for exercising their rights under the FHA, then that person may have an FHA retaliation claim.  *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018) ("To prove retaliation, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse action; and (3) there was a causal connection between the two.") (citations omitted).

Here, Ms. Castro alleges that she has a serious health condition (asthma) for which she required accommodations to allow her equal opportunity to enjoy and use her apartment, that she requested accommodations (enforcement of the non-smoking provisions in the lease agreement), that Defendants refused to accommodate her, and then took various adverse actions against her, including evicting her, after she had engaged in protected activity under the FHA by seeking accommodations.  Ms. Castro further alleges that although several non-Hispanic individuals also complained about the residents who were smoking, they were not evicted, but that Defendants singled her out, refused to renew her lease, and ultimately evicted her because she is Hispanic.  These allegations, when construed liberally because of Ms. Castro's *pro se* status, are sufficient for her FHA discrimination and retaliation claims to survive screening.

Regarding Ms. Castro's claims alleging violations of her First and Fourteenth Amendment rights, any such claims must be brought pursuant to 42 U.S.C. § 1983.  To prevail on such a claim, a plaintiff "must prove (1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law." *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016).  Defendants in this

case are private persons and entities.  "For a private actor to act under color of state law he must have had a meeting of the minds and thus reached an understanding with a state actor to deny plaintiff[] a constitutional right."  *Id.* (quotation marks and citation omitted).  While Ms. Castro makes the cursory allegation that the courts have "helped" Defendants by refusing to hear her evidence, such an allegation is insufficient to plausibly allege that any Defendant reached an agreement with a state official to deprive Ms. Castro of her constitutional rights; Defendants do "not become state actors for § 1983 purposes merely by pursuing eviction or other state-court proceedings" against her.  *Cole v. Faulkner*, No. 24 C 12117, 2025 WL 1359054, at *4 (N.D. Ill. May 9, 2025) (citing *Hu v. Huey*, 325 Fed. App'x 436, 439–40 (7th Cir. 2009) ("Hu argues that Huey became a state actor by filing an eviction proceeding in state court. … But Hu is wrong. … [The State] has no interest in the outcome of the eviction proceeding, and it did not transform Hu into a state actor merely by holding its courts open to litigation.") (cleaned up); *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984) ("Mere use of the courts by a private party, without more, does not constitute governmental action for purposes of § 1983[.]")).  Accordingly, Ms. Castro's constitutional claims do not survive screening.

Ms. Castro also references several state statutes and doctrines in her latest amended complaint, including perjury and criminal recklessness and mischief statutes and the clean hands doctrine, none of which supports a private cause of action. Accordingly, no claim based on these statutes and doctrines survives screening.

## Conclusion

In summary, Ms. Castro's FHA claims survive screening under § 1915(e) and therefore **shall proceed**, but all other claims alleged in her most recent amended complaint [Dkt. 90], namely, her constitutional claims and her claims based on state criminal statutes, **are dismissed**.  This ruling is without prejudice to the possible filing of a proper Rule 12 motion.

In light of this ruling, Defendants' Motion to Extend Deadlines to Respond to Plaintiff's Amendment Complaints [Dkt. 93] is <u>GRANTED</u> to the extent that Defendants are provided fourteen (14) days from the date of this Order to respond to the one surviving theory of relief set forth in Plaintiffs' latest amended complaint.  Plaintiff's Motions for Court Assistance [Dkts. 94, 95, 97], all of which we understand to be responses to Defendants' motion to extend deadlines are <u>DENIED AS MOOT</u>. Defendants' Motion for Screening Order [Dkt. 92] is also <u>DENIED AS MOOT</u>.  This case shall proceed accordingly.

IT IS SO ORDERED.

Date: _____9/5/2025_____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RUTH CASTRO
911 Ormsby Lane
Apartment #222
Louisville, KY 40242

Lawrence M. Benjamin
REED SMITH LLP (Chicago)
lbenjamin@reedsmith.com

Rachel Suzon Bir
Dinsmore & Shohl LLP
rachel.bir@dinsmore.com

April M. Geltmaker
Church Langdon Lopp & Banet
ageltmaker@cllblegal.com

Christopher D. Lee
Dinsmore & Shohl
Christopher.Lee@Dinsmore.com

Tyler Jackson Mitchell
Dinsmore & Shohl
tyler.mitchell@dinsmore.com